FRED W. JONES, Judge.
On March 5,1982 Sherry Gatson sued her husband, Jerry Gatson, for a legal separation on the grounds of mental cruelty, nonsupport and defamation. The defendant filed exceptions of res judicata and no cause of action, which were sustained by the trial judge. Plaintiff appeals the judgment.
At the trial of the exceptions, defendant filed in evidence the record of a prior suit for legal separation filed on December 3, 1981 by this plaintiff against this defendant. Judgment rejecting plaintiff’s demands in that previous suit was signed on February 19, 1982. In oral reasons for judgment, the trial judge determined that allegations pertaining to cruel treatment contained in the first petition for a legal separation were substantially repeated in paragraphs 7 and 8 of the petition filed in the second suit. Therefore, the exception of res judicata was sustained as to those paragraphs. Adverting to the remaining paragraphs of the second petition, the trial court ruled that they were simply conclu-sionary allegations which did not state a cause of action, and sustained that exception also.
Our examination of the record reveals that after judgment was rendered in the *1165 first suit between these parties, plaintiff timely moved for a new trial. This motion was denied on March 1, 1982. Under La. Code of Civil Procedure Articles 3942 and 2087(2), plaintiff had 30 days from that date in which to appeal the judgment rendered in the first litigation. This delay had not expired when the trial judge signed the judgment on March 22, 1982 sustaining the exception of res judicata.
La.C.C.P. Art. 1842 provides:
A final judgment is definitive when it has acquired the authority of the thing adjudged.
La.C.C.P. Art. 3556(31) defines “thing adjudged” as:
[t]hat which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on appeal.
Here, the judgment in the first suit for a legal separation was not final and definitive when the exception of res judicata was sustained by the trial judge.[1] Therefore, this prior judgment had not “acquired the authority of the thing adjudged” and could not at that time serve as the basis for a plea of res judicata. Consequently, the trial judge erred in sustaining that exception. As a result of this erroneous ruling, the trial disregarded the allegations of paragraphs 7 and 8 of plaintiff’s petition in the second suit in determining whether a cause of action was stated. The allegations of paragraph 8 clearly state a cause of action.[2]
For the reasons set forth, we reverse the judgment of the district court sustaining the exceptions of res judicata and no cause of action; render judgment overruling those exceptions; and remand this case to the lower court for further proceedings consistent with this opinion, with costs of appeal assessed to appellee.

. Although not relevant to the disposition of this appeal, in an unpublished opinion rendered on this date in Gatson v. Gatson, No. 15,008, we affirmed the district court judgment dismissing plaintiffs demands for a legal separation in her first suit against this defendant.

. “Defendant has been guilty of cruel treatment, particularly in that he would force his wife to go to his mother’s home when he knew that they did not get along; on November 20, 1981 he locked all of the doors to the house to prevent the plaintiff and her child from being able to get into the house; on November 21, 1981, the defendant took the child bom of the marriage and threatened to put some buck shots in her if she did leave the house; and on November 24, 1981 the defendant put the plaintiffs clothes on the outside of their home, all causing petitioner a great amount of emotional and mental distress.”